# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT INGERSOLL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1685−NJR |
| | ) | |
| **WEXFORD HEALTH SOURCES,** | ) | |
| **D. RAINS,** | ) | |
| **MARTIN,** | ) | |
| **VIPIN SHAH,** | ) | |
| **KOTEY,** | ) | |
| **M. HAWKINS,** | ) | |
| **C. ROY,** | ) | |
| **D. SPRAGUE,** | ) | |
| **T. PARKER.** | ) | |
| **K. STEPHENS,** | ) | |
| **RITZ,** | ) | |
| **JANE DOE #1,** | ) | |
| **JANE DOE #2, and** | ) | |
| **JANE DOE #3,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Robert Ingersoll, a former inmate of the Illinois Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at Robinson Correctional Center. In the Complaint, Plaintiff alleges deliberate indifference. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

As an initial matter, the Court notes that this action was severed from claims Plaintiff originally brought in the Central District of Illinois. (Doc. 1-1). The severance order directed Plaintiff to indicate whether he wished to proceed with this action by October 4, 2018, a deadline this Court then extended until November 13, 2018. (Doc. 6). Plaintiff has not filed a written response, but he submitted payment of the initial partial filing fee to this Court for this case and a

proper motion to proceed IFP. (Doc. 7). The Court takes the fee payment and the motion as an indication that Plaintiff wishes to proceed with this case.

Plaintiff was incarcerated at Robinson Correctional Center from October 2013 until October 2016. (Doc. 1, p. 5). During that time, Plaintiff alleges that he received a course of treatment from Shah that was ineffective. He previously brought these claims in suit 16-cv-1025-MJR-SCW (referred to here as "16-1025"), but they were dismissed because Plaintiff filed suit prior to exhaustion of his administrative remedies. (Doc. 1, p. 4).

Shah began treating Plaintiff on January 11, 2016, and immediately began deviating from the course of treatment followed by Plaintiff's previous medical care provider. (Doc. 1, p. 5). Specifically, Plaintiff requested pain medication for the pain in his back, shoulders, knees, and hips throughout 2016, but Shah denied Plaintiff his pain medication, rejected his request for Cortisone injections, and later prescribed pain medication that Shah implicitly knew was ineffective. (Doc. 1, pp. 6-7). Shah declined to give Plaintiff treatment for his Hepatitis C, because he said Plaintiff did not meet the criteria for Hepatitis C treatment. (Doc. 1, p. 6). He also prescribed Methotrexate for psoriasis, even though the medication is known to cause adverse liver reactions and is contraindicated for patients with Hepatitis C. *Id*.

After x-rays showed continued deterioration in Plaintiff's joints, Shah recommended referral to a pain management clinic, but Ritz and Wexford denied Shah's request in favor of on-site Cortisone injections. (Doc. 1, p. 8).

Jane Doe #1 required Plaintiff to pay a $5.00 copay for seeking pain medication on February 9, 2016. (Doc. 1, p. 6). On August 7, 2016, Doe #1 was made aware of Plaintiff's severe pain. (Doc. 1, p. 7).

Jane Doe #2 required Plaintiff to pay a $5.00 copay on March 30, 2016, and again on August 22, 2016, and issued him pain medication known to be ineffective. (Doc. 1, pp. 6-7).

Plaintiff told Martin that Shah's treatment was ineffective, but Martin declined to intervene. (Doc. 1, p. 5). Wexford had policies that governed Plaintiff's care and should have known that the policies placed Plaintiff at risk of substantial harm. *Id*. Moreover, Rains served as Warden of Robinson, and therefore knew or should have known of the substantial risk to Plaintiff. *Id*.

D. Sprague was present at an August 11, 2016 medical visit where Plaintiff complained of severe pain and requested pain medication and a Cortisone injection. (Doc. 1, p. 7).

Plaintiff saw Jane Doe #3 in the nurse sick call line on September 4, 2016, when he informed her of his severe pain and loss of mobility. (Doc. 1, p. 8). Doe #3 charged him a $5.00 copay and referred him to Shah. *Id*.

Plaintiff complained of severe pain while K. Stephens was present on September 12, 2016. *Id*.

Plaintiff transferred to Lincoln Correctional Center on October 12, 2016. *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Defendants responded to Plaintiff's rheumatoid arthritis and associated pain with deliberate indifference in violation of the Eighth Amendment.

**Count 2:** Defendants repeatedly charged Plaintiff an unconstitutional copay in violation of the Eighth Amendment.

**Count 3:** Shah prescribed Methotrexate for psoriasis, which is contraindicated in patients with Hepatitis C, like Plaintiff, in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1** alleges that the Defendants were deliberately indifferent. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Plaintiff's 2016 case raised identical factual allegations against Wexford and Shah. Plaintiff's claims against Shah were ultimately dismissed because he failed to exhaust his administrative remedies prior to filing suit, but the filing of a new lawsuit cures that issue. Accordingly, the Court finds that, consistent with the threshold order in 16-1025, Plaintiff has adequately stated deliberately indifference claims against Shah for failure to treat his rheumatoid arthritis.

Plaintiff's claim against Wexford in 16-1025 was dismissed without prejudice because Plaintiff did not adequately make a policy or practice claim against Wexford. Plaintiff has attempted to cure this deficiency by alleging that Wexford has a policy and/or practices which governed the medical care providers named in this action, and which contributed to his receiving

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

or not receiving treatment, and that Wexford knew or should have known that these policies created a substantial risk of harm to Plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978); *Palka v. City of Chicago*, 662 F.3d 428, 434 (7th Cir. 2011). The Court finds that this allegation is still too vague as to Wexford. Plaintiff has not described the policy at issue, and thus he has not properly alleged that the policy caused his harm. Accordingly, Plaintiff's claim against Wexford will be dismissed without prejudice.

Plaintiff also has implicated Rains in this claim as Warden of Robinson. He alleges that Rains was "made aware" of his pain and refused to act. But Plaintiff has not alleged how Rains was made aware. He never alleges that he spoke or wrote to Rains directly about the issues. He has also failed to otherwise plead that Rains was personally involved in the violations alleged. Personal involvement is the touchstone of Section 1983 liability. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Accordingly, Plaintiff has failed to state a claim against Rains.

Plaintiff's claims against Defendants Kotey, Hawkins, Roy, Sprague, Parker, Stephens, and Jane Does #1-3 are also deficient. First, Plaintiff does not mention Kotey, Hawkins, Roy, or Parker in his "Facts" section. He alleges generally as to each of them that "she had both a legal and moral obligation to provide Plaintiff with a level of medical care which she failed to provide and thus violated Plaintiff's Constitutionally guaranteed rights." (Doc. 1, pp. 13-14). This is not an allegation of deliberate indifference. Moreover, without a factual allegation as to each defendant, there are no grounds to conclude that these individual nurses were personally involved in Plaintiff's medical care so as to establish liability, much less that they were aware of Plaintiff's serious medical needs.

Plaintiff's allegations are also insufficient as to the nurses that are named in the "Facts" section. His allegations establish only that the nurses were present during certain interactions he had in the health care unit. Nurses cannot contradict care provided by the doctor, *see Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010), and the Complaint does not allege that the nurses were deliberately indifferent in their provision of nursing care. At most, the Complaint establishes that Sprague, Stephens, and Janes Does #1-3 were aware that Plaintiff suffered from chronic pain, a serious medical need. But it does not contain allegations that make it plausible that the nurses were deliberately indifferent to his pain. Accordingly, the Court finds that Plaintiff has failed to state a deliberate indifference claim against Rains, Wexford, Kotey, Roy, Sprague, Parker, Stephens, and Jane Does #1-3 in **Count 1**.

Plaintiff also has failed to state a claim as a matter of law in **Count 2**. Plaintiff has alleged that Defendants repeatedly charged him a copay. The Seventh Circuit has upheld prisons' attempts to recoup their expenses by charging reasonable fees for service. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Prisons and jails cannot deny an inmate health care based on an inability to pay, but they are well within their rights to charge inmates who can afford it a modest fee in order to recoup the cost of their care. *Id.* Accordingly, Plaintiff's claims regarding the imposition of copays will be dismissed with prejudice as legally frivolous.

**Count 3** also fails to state a claim. Plaintiff has alleged that he was prescribed Methotrexate, a medication contraindicated for people with Hepatitis C. The Court notes, however, that Plaintiff has not alleged that he experienced an adverse reaction or suffered any harm from receiving this medication. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). This claim will also be dismissed.

In the alternative, even if Plaintiff had adequately stated a claim as described above, all his claims other than the deliberate indifference claim against Shah for arthritis must be dismissed because Plaintiff failed to exhaust his administrative remedies. Failure to exhaust is an affirmative defense, and while typically the Court will wait for a defendant to raise that issue, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

The Prison Litigation Reform Act ("PLRA") governs suits by prisoners. 42 U.S.C § 1997e. A prisoner is required to exhaust his remedies prior to filing suit. 42 U.S.C. § 1997e(a). The exhaustion requirement is dependent upon the procedures established by the State in which the prison is located. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Unexhausted claims may not be brought to court, *Id.* at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), and "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

As noted above, some of Plaintiff's claims initially proceeded in suit 16-1025. Plaintiff attached relevant grievances to that Complaint, including grievances dated March 4, 2016 and April 5, 2016. (16-1025, Doc. 1, pp. 7-11). No other grievances were attached. Exhibits attached to Defendant's motion for summary judgment in that case identified two relevant grievances: the March 4, 2016 and April 5, 2016 grievances. (16-1025, Doc. 24-1, Doc. 24-2). Plaintiff's response did not allege that there were additional relevant grievances or identify any other relevant grievances. (16-1025, Doc. 26-1). In this suit, Plaintiff alleges that he filed grievances on March 4, 2016 and April 5, 2016 and attached those grievances to the Complaint. (Doc. 1, pp. 10, 21-

26).² Therefore, the Court concludes based on Plaintiff's repeated and consistent allegations in support of his claim to exhaustion, that the relevant grievances are the March 4, 2016 and April 5, 2016 grievances.

The Illinois Administrative Code states

> the grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Adm. Code 504.810(c)

The grievance must provide prison officials with a fair opportunity to address the inmates' complaint, even if the grievance does not specifically identify the relevant officials by name. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). If the grievance does not permit a reader to infer that the inmate is complaining about a specific official or problem, the grievance will not suffice to exhaust an inmate's administrative remedies. *See Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (holding defendants properly dismissed where grievance failed to name them explicitly or by inference).

The March 4, 2016 grievance describes pain in Plaintiff's hips, back, legs, and knees, which caused him difficulty sleeping and loss of mobility. (Doc. 1, pp. 22, 24). It alleges that Shah "doesn't seem to want to help me with my pain," and notes his current pain medication is not adequately addressing his pain. (Doc. 1, p. 24). It also notes that Shah took Plaintiff off his sinus medication. *Id*.

---

² Plaintiff alleges that he filed other grievances at Lincoln Correctional Center, but his claims regarding his treatment at Lincoln have stayed in the Central District of Illinois, and thus the Court has no reason to consider those grievances, with one exception, discussed below.

9

The April 5, 2016 grievance, which Plaintiff submitted as a supplement or amendment to the March 4, 2016 grievance, alleges that Plaintiff saw Shah on April 1, 2016 and complained that Shah took him off his pain medication and denied his request for a Cortisone shot. (Doc. 1, pp. 25-26).

The grievances do not mention any defendant other than Shah by either name or description. They do not reference Martin or Ritz. They do not refer to any nurses or to Plaintiff's copay or psoriasis claims. The Court finds that Plaintiff failed to exhaust his administrative remedies as to Martin and Ritz because he did not mention them in any timely-filed grievances. Additionally, the Court finds that failure to exhaust is an alternative ground for dismissing Count 2, and Plaintiff's deliberate indifference claims against Wexford, Kotey, Hawkins, Roy, Sprague, Parker, Stephens, and Jane Does #1-3.

Plaintiff also failed to exhaust Count 3. While the grievances attached to the Complaint that were submitted at Lincoln reference Plaintiff's claim that he was improperly prescribed Methotrexate, the first grievance referencing that conduct was filed on June 5, 2017. Plaintiff left Shah's care on October 12, 2016, when he transferred to Lincoln. His claims against Shah began accruing as of that date. *Heard v. Elyea*, 525 F. App'x 510, 511 (7th Cir. 2013). That means Plaintiff had to grieve Shah's conduct in a grievance within 60 days of that time. 20 Ill. Adm. Code 504.810(a). Even if Plaintiff could have shown good cause for delay, Shah was not mentioned in the June 5, 2017 grievance raising this issue at Lincoln. Accordingly, failure to exhaust is also an alternative ground of dismissal for Count 3.

This Order shall not preclude Shah from raising an exhaustion defense.

**Disposition**

**IT IS HEREBY ORDERED** that Count 1 survives against Shah. Count 2 is **DISMISSED with prejudice**. Count 3 is **DISMISSED without prejudice**. Defendants Wexford, Rains, Martin, Kotey, Hawkins, Roy, Sprague, Parker, Stephens, Ritz, and Jane Does #1-3 are **DISMISSED without prejudice**, although the Court notes that the time for exhausting his administrative remedies has passed, which effectively precludes Plaintiff from bringing certain claims again.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Shah: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant Shah can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk of Court with Defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: **November 5, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, Defendant will enter his appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court**.