UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT INGERSOLL,

    Plaintiff,

vs.

VIPIN SHAH,

    Defendant.

Case No. 3:18-cv-1685-GCS

## MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

This matter comes before the Court on Defendant Shah's December 20, 2019 motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies (Docs. 32, 33). Along with the motion for summary judgment, Defendant filed the Federal Rule of Civil Procedure 56 Notice (Doc. 34).[1] As of this date, Ingersoll has failed to respond to the motion for summary judgment. Based on the following, the Court **GRANTS** the motion for summary judgment.

On September 4, 2018, Robert Ingersoll, a former inmate incarcerated at Robinson Correctional Center ("Robinson"), filed suit for violations of his constitutional rights

---

[1] That notice, pursuant to Federal Rule of Procedure 56, *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), informed/warned Ingersoll of the consequences of failing to respond to the motion for summary judgment.

pursuant to 42 U.S.C. § 1983 (Doc. 1). At threshold review, pursuant to 28 U.S.C. § 1915A, the Court allowed Ingersoll to proceed on one claim against Shah for deliberate indifference to a serious medical need when treating Ingersoll's rheumatoid arthritis and associated pain (Doc. 11).

On December 20, 2019, Defendant Shah moved for summary judgment based on Plaintiff's failure to exhaust administrative remedies. Specifically, Shah argues that the records show that Ingersoll's appeal to the Administrative Review Board ("ARB") was procedurally rejected as improper because Ingersoll did not provide the date of the incident for the ARB to review. As stated before, Ingersoll has not responded to the motion despite being warned through Defendant's Rule 56 Notice, and the time to respond to the motion has passed. The Court considers Ingersoll's failure to respond as an admission of the merits of the motion filed by Defendant Shah. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission, the Court finds that Ingersoll did not fully exhaust his administrative remedies as to his claim against Defendant Shah in this case.

Accordingly, the Court **GRANTS** the motion for summary judgment (Doc. 32). Plaintiff's claims against Defendant Shah are **DISMISSED without prejudice**. The Court **DIRECTS** the Clerk of the Court to close the case. Plaintiff Robert Ingersoll shall recover

nothing.

    IT **SO ORDERDED.**

    **Date:   January 30, 2020.**

    Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.01.30 09:34:54 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**